IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JUL 1 4 2009
Clerk of Court

| | |
|---|---|
| ENOCH ROMERO-FERNANDEZ, §<br>Defendant, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>Plaintiff. § | CIVIL. NO. B-08-CV-412<br>(CRIM. NO. B-07-CR-600) |

## MEMORANDUM OPINION AND ORDER

On August 25, 2008, Defendant Enoch Romero-Fernandez filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). The United States filed a Response to this motion on February 27, 2009, moving for dismissal or, in the alternative, summary judgment. (Doc. No. 16). After obtaining leave to file a late response to the Government's Motion to Dismiss/for Summary Judgment, the defendant filed a brief in opposition on July 13, 2009. (Doc. No. 22).

Having reviewed Defendant's Motion to Vacate, the Government's Motion to Dismiss/for Summary Judgment, the defendant's brief in opposition, and all relevant facts and law, the Government's Motion for Summary Judgment (Doc. No. 16) is hereby **GRANTED** and Defendant's Motion to Vacate (Doc. No. 1) hereby **DISMISSED WITH PREJUDICE**.

### Background

Mr. Romero-Fernandez was indicted by a grand jury in the Brownsville Division of the Southern District of Texas in cause number B-07-CR-600 in a single-count indictment for illegal re-entry by a deported alien, in violation of 8 U.S.C. §§ 1326 (a) and (b). (CR Doc. No. 5).[1] On July

---

[1] For the purposes of this Order, "CR" refers to Defendant's criminal docket number, B-07-CR-600.

31, 2007, Defendant pleaded guilty to the indictment pursuant to a written plea agreement with the Government, in which Defendant agreed to "waive[] the right to contest his/her conviction or sentence by means of any post-conviction proceeding." (CR Doc. No. 13 at 4, 8, 9). On October 15, 2007, the Probation Office submitted a Final Presentence Investigation Report ("PSR"), which assessed a base level of eight for Defendant's illegal re-entry conviction and a 16-level adjustment for Defendant's prior conviction for the aggravated felony of transporting aliens. (CR Doc. No. 16 at ¶¶ 13, 14). The PSR recommended that Defendant receive a three-level downward adjustment for acceptance of responsibility, resulting in a total offense score of 21. (*Id.* at ¶¶ 19, 22). Defendant's criminal history placed him in criminal-history category III, resulting in a recommended punishment range of 46–57 months imprisonment. (*Id.* at ¶¶ 28, 55).

On October 2, 2007, counsel for Romero filed a written motion for downward departure or for a variance from the Guidelines in which counsel explained Defendant's position that his transporting conviction resulted from his giving a co-worker's relative a ride. (CR Doc. No. 14). At sentencing, held before this Court on November 8, 2007, the Government moved for an additional two-level departure pursuant to the written plea agreement on the basis of Romero's early plea, which the Court granted. The Court also heard Defendant's counsel reiterate his request for a downward departure or variance based on Defendant's version of the events leading to his transporting conviction. The Court denied the motion for downward departure and sentenced Defendant to the low end of the ultimate Guideline range, i.e. 37-months imprisonment. Defendant's judgment was entered on November 29, 2007. (CR Doc. No. 23). Defendant did not directly appeal his conviction or sentence.

## Discussion

On August 25, 2008, Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Defendant essentially raises a series of claims based on alleged ineffective assistance of counsel. These claims include:

1. Counsel failed to argue for a sentence below the Guideline level on the basis that the seriousness of his crime of conviction was overstated, and that his criminal-history score overstated the seriousness of his criminal past (*id.* at 2);

2. Counsel failed to contest Defendant's deportation, which was subject to attack on due-process grounds due to the immigration judge's failure to alert him to the potential for a § 212 (h) waiver given Defendant's family circumstances (*id.* at 4–5);

3. Counsel failed to object to the factual rendition in the PSR recounting the events that led to his transporting conviction (*id.* at 8);

4. Counsel failed to contest the "double counting" of the transporting conviction as both a 16-level adjustment and a criminal-history assessment (*id.* at 8–9);

5. Counsel failed to move for Defendant's inclusion in the "Fast-track" program (*id.* at 9).

### I. Waiver

The Government asserts that the defendant waived his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255 in his plea agreement. (Doc. No. 16 at 5). To determine whether collateral attack of a sentence is barred by a waiver provision in a plea agreement, federal courts conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary; and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). If the record of a Rule 11 hearing "clearly indicates that a defendant has read and understands his plea agreement . . . the defendant will be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). The court is to give "great weight to the defendant's statements at the plea colloquy." *United States v.*

*Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). A defendant's declarations under oath before the court regarding the voluntariness of a waiver of the right to collaterally attack a sentence under § 2255 carry a "strong presumption of verity." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)). Where the record clearly indicates that a defendant understood his plea agreement and the defendant raises no objections regarding the waiver provisions, the defendant should be "held to the bargain to which he agreed." *Portillo*, 18 F.3d at 293.

In his plea agreement, dated July 31, 2007, Defendant waived his right to appeal and to file a § 2255 motion. (CR Doc. No. 13). Section 10 of the plea agreement states:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742.** Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. §§ 1651 and 2255.**

(*Id.* at ¶ 10) (emphasis in original). Defendant certified that he had consulted with his counsel and that he fully understood all of his rights with respect to the charges pending against him. (*Id.* at p. 9). Defendant also certified that he had consulted with his attorney and fully understood his rights with respect to the provisions of the United States Sentencing Guidelines that may apply to him. (*Id.*). Defendant certified that he had read the plea agreement and carefully reviewed every part of it with his attorney. (*Id.*). Defendant signed the plea agreement and certified that he understood the agreement and voluntarily agreed to it. (*Id.*). Defendant's counsel also certified that he had

explained to the defendant his rights with respect to the indictment and the Sentencing Guidelines, and carefully reviewed the plea agreement with the defendant. (*Id.*). Counsel further certified that, to his knowledge, the defendant's decision to enter into the plea agreement was an informed and voluntary decision. (*Id.*).

At his re-arraignment, held before Judge John William Black, Defendant confirmed that he had had the opportunity to go over the indictment with his counsel and that he understood the charges against him. Defendant confirmed that he understood exactly what the agreement contained when he signed it. Defendant also stated that he understood that in his plea agreement he had agreed to waive the right to collaterally attack his sentence under 28 U.S.C. §§ 1651 and 2255. (*See* Transcript of Re-arraignment as to Enoch Romero-Fernandez, July 31, 2007).

Defendant knowingly and voluntarily waived the right to collaterally attack his sentence pursuant to § 2255. A waiver of the right to collaterally attack a sentence under § 2255 does not preclude the defendant from bringing a claim of ineffective assistance of counsel, if the challenged assistance of counsel "directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Defendant does not allege ineffective assistance of counsel with regard to his entering the plea agreement. Thus, the Court finds that Defendant has waived his right to the instant motion, and the Court is therefore authorized to dismiss the motion on that ground alone. Nonetheless, out of an abundance of caution, the Court will consider the merits of Defendant's claims.

## II. Ineffective Assistance of Counsel

Defendant is *pro se* in this matter. *Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all

reasonable inferences that can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

An ineffective assistance of counsel allegation in a § 2255 motion is analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail under this test, Defendant must show that his counsel's performance was both deficient and prejudicial. *Id.* To show deficience, Defendant must demonstrate that counsel's performance was outside the broad range of what is considered reasonable assistance; to show prejudice, Defendant must show that this deficient performance led to a "fundamentally unfair" and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001). If Defendant fails to prove one prong, the Court need not analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

Ground 1: *Counsel failed to argue for a sentence below the Guideline range*

Defendant alleges that his counsel failed to ask the Court for a "reasonable sentence below the guidelines" range based on the factors enunciated in 18 U.S.C. § 3553 (a). Specifically, Defendant contends that his counsel should have notified the Court of the overstatement of the seriousness of his transporting conviction, which served as both the predicate aggravated felony for his § 1326 conviction, as well as a part of his criminal history. (Doc. No. 1 at 4).

A review of the record indicates that Defendant's counsel submitted a written objection to the PSR referencing Defendant's claim that his prior conviction was the result of his merely giving a co-worker's friend a ride. (CR Doc. No. 14). At sentencing, Defendant's counsel referenced a letter to the same effect that Defendant had sent the Court, and urged a downward departure or variance on the grounds that a Guideline sentence was unreasonable, Defendant's criminal history did not justify a Guideline sentence, and that the § 3553 (a) factors merited a reduced sentence. The

6

Government's attorney then recounted a version of the events underlying the transporting conviction that varied greatly from Defendant's and which suggested that Defendant's involvement in transporting illegal aliens had been ongoing. After hearing these arguments, the Court denied the motion for downward departure.

Given this record, it is clear that Defendant's counsel in fact made the very argument Defendant now claims his counsel failed to raise. Accordingly, there can be no ineffective assistance on this ground.

Ground 2: *Counsel failed to contest Defendant's prior deportation*

Defendant next contends that his counsel failed to contest the lawfulness of the deportation giving rise to his § 1326 prosecution. (Doc. No. 1 at 4–7). Specifically, Defendant contends that his deportation was subject to attack because the immigration judge failed to alert Defendant to the potential for a § 212 (h) waiver.[2]

8 U.S.C. § 1326 (d) provides:

In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that–
    (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
    (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
    (3) the entry of the order was fundamentally unfair.

*See also United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002). Defendant's motion lacks any actual argument relating to these factors, but nevertheless, he argues his attorney was obligated

---

[2] A § 212 waiver provides that the Attorney General may, in his discretion, waive the application of the relevant sections of the Immigration Code if it is established that "the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien . . . ." 8 U.S.C. § 1182 (h)(1)(B).

by the Constitution to offer such arguments to the sentencing court. Defendant's argument is flawed in two important respects: (1) satisfaction of the factors still leaves some professional tactical discretion to the attorney; and (2) he still needs to establish that the factors were satisfied–making the argument ripe–at the time of his sentencing. Defendant fails to offer any evidence that establishes the exhaustion of all administrative remedies; the improper deprivation of judicial review; or a fundamentally unfair proceeding. The relevant case law and statute demand that all three factors be satisfied, but Defendant fails to argue a single one beyond the barest of conclusory allegations.

Defendant cites a Ninth Circuit case analyzing a set of facts superficially similar to Defendant's in which the Government conceded that an immigration judge's failure to advise the defendant of the possibility of his relief under § 212 (h) was procedural error. *United States v. Arce-Hernandez*, 163 F.3d 559 (9th Cir. 1998). The Court suggested that if the defendant could show prejudice as a result of this failure, the Government could be precluded from using the deportation order as the basis for a § 1326 prosecution. *Id.* at 563. Defendant in the instant case asserts that he suffered such prejudice because, based on the fact that his children are all "U.S. born," he might have been granted a § 212 (h) waiver. (Doc. No. 1 at 5). However, the *Arce-Hernandez* Court noted that the "material question" in determining whether such a waiver was plausible "is whether the hardship caused by deportation would constitute *extreme* hardship as required by § 212 (h)." *Arce-Hernandez*, 163 F.3d at 564. Further, "a § 212 (h) waiver will be granted only when there is great actual or prospective injury or extreme impact on the citizen family member, beyond the common results of deportation." *Id.* (internal quotations omitted).

Even assuming that this case were binding, as well as that the immigration judge in fact failed

8

to advise him of the possibility of a § 212 (h) waiver, Defendant fails to even suggest how or why his deportation would constitute extreme hardship of the sort beyond the common results of deportation. Thus, Defendant's motion fails the Ninth Circuit's test on this issue, not to mention the statutory requirements. For all these reasons, Defendant's claim for ineffective assistance on this ground must fail.

Ground 3: *Counsel failed to contest facts in the PSR*

Defendant alleges that his counsel failed to object to the factual findings in the PSR concerning the incident that led to his transporting conviction. (Doc. No. 1 at 8). First, as discussed *supra*, Defendant's counsel in his written objection to the PSR referred to Defendant's version of the events underlying the transporting conviction. (CR Doc. No. 14). At sentencing counsel alluded to this version when urging a downward departure and referenced the letter Defendant had sent the Court on the matter. These facts indicate not that Defendant's counsel failed to urge Defendant's version of these events, but rather that his urging was simply unavailing.

Second, Defendant offers no evidence of any kind to support his version of events. "The defendant has the burden of showing that the information relied on by the district court in the PSR is materially unreliable." *United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007). Accordingly, Defendant's counsel could not have been deficient even if he had failed to raise this objection.

Finally, Defendant pleaded guilty to the transporting charge and signed a plea agreement containing a summary of the facts underlying the transporting charge that essentially mirrors the summary contained in the PSR. (*See* Doc. No. 6 at 10, in B-06-CR-1121). For all of these reasons, Defendant's claim of ineffective assistance on this ground must fail.

Ground 4: *Counsel failed to contest "double-counting"*

Defendant alleges that his counsel failed to contest the "double counting" occasioned by the use of his transporting conviction to increase both his criminal-history score as well as to trigger the "aggravated felony" adjustment. (Doc. No. 1 at 8–9).

The Sentencing Guidelines do not forbid all double counting. *United States v. Hawkins*, 69 F.3d 11, 14 (5th Cir. 1995). Double counting is prohibited only if the particular Guidelines at issue specifically forbid it. *Id.* "Double counting a factor during sentencing is permissible if the Sentencing Commission intended the result, and if the result is permissible because each section concerns conceptually separate notions relating to sentencing." *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992) (internal quotations omitted). The Sentencing Commission clearly intended prior felonies to count against defendants under both the criminal-history section and § 2L1.2, and this result is permissible because of the divergent policies underlying the criminal-history section (i.e., punishing recidivism) and § 2L1.2 (i.e., deterring aliens convicted of a felony from re-entering the United States). *See* UNITED STATES SENTENCING GUIDELINES, § 2L1.2 note 6 ("A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)").

Defendant cites *United States v. Henry*, 288 F.3d 657 (5th Cir. 2002) for the proposition that the Court should not have included in the criminal-history calculation the transporting conviction because this conviction was "conduct that was part of the offense of conviction." (Doc. No. 1 at 9). Defendant's reliance on *Henry* is misplaced. In *Henry*, the Court held to be plain error the district court's inclusion of two points in the defendant's criminal-history calculation for a prior one-year sentence for criminal trespass that was imposed upon an adjudication of guilt *for the same conduct*

*at issue in the instant federal offense. See Henry*, 288 F.3d at 665. In the instant case, however, the district court included points in Defendant's criminal history for the transporting conviction, which was imposed not for the conduct at issue in the instant offense, i.e., illegal re-entry on June 7, 2007, but for transporting illegal aliens on November 16, 2006. (*See PSR* ¶ 24). *Henry* is thus inapplicable, and Defendant's counsel was not ineffective for failing to raise this point. *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

Ground 5: *Counsel failed to move for Fast-track consideration*

Defendant contends that his counsel was deficient for failing to move for a "Fast-track" sentencing reduction. (Doc. No. 1 at 9–13; Doc. No. 22 at 1–4). As the Statement of Reasons clearly indicates that this Court granted Defendant a § 5K3.1 reduction based on Early Disposition, or "Fast-track" Program, Defendant's counsel cannot have rendered ineffective assistance on this ground. (CR Doc. No. 24 at 2).

For the foregoing reasons, the Government's Motion for Summary Judgment (Doc. No. 16) is hereby **GRANTED** and Defendant's Motion to Vacate (Doc. No. 1) hereby **DISMISSED WITH PREJUDICE**. Further, this Court finds no reason to grant a Certificate of Appealability and hereby

**DENIES** the same.[3]

Signed this 14th day of July, 2009.

                                                                            Andrew S. Hanen
                                                                            United States District Judge

---

[3]Although Defendant has not yet filed a notice of appeal, this Court may rule *sua sponte* on a Certificate of Appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (noting that 28 U.S.C. § 2253 does not require a petitioner to first move for a Certificate of Appealability).